**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Johnson,<br><br>    Petitioner,<br><br>v.<br><br>Filipe Martinez, Warden,<br><br>    Respondent. | No. CV-17-00136-TUC- BGM<br><br>**ORDER** |

Currently pending before the Court is Petitioner Anthony Johnson's *pro se* amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 7). Respondents have filed a Response to Petition for Writ of Habeas Corpus ("Response") (Doc. 19) and Petitioner replied (Doc. 22). The Petition is ripe for adjudication.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Federal Conviction and Sentencing*

On April 12, 2005, a jury found Petitioner Anthony Johnson guilty of two (2) counts of distributing cocaine base (crack) and one (1) count of possessing cocaine base with an intent to distribute. Response (Doc. 19), USDC Eastern Dist. of Wa., Case No. CR-04-201-JLQ, Verdict Count Two & Verdict Count Three & Verdict Count Four (collectively "Verdict Forms") (Doc. 19-1) at 3–5.[1] For each verdict, the jury found that Petitioner possessed or distributed five (5) grams or more of cocaine base. *Id.*, Verdict

---

[1] Page citations refer to the CM/ECF page number for ease of reference.

Forms at 3–5.  On July 22, 2005, Petitioner was sentenced to 240 months incarceration, with all terms to be served concurrently, followed by ten (10) years of supervised release. *Id.*, USDC Eastern Dist. of Wa., Case No. CR-04-201-JLQ, Judgment in a Criminal Case (Doc. 19-1) at 11–12.  In calculating Petitioner's sentence, the sentencing court found Petitioner's 1994 conviction for Unlawful Possession of Cocaine with Intent to Deliver and 1992 conviction of Solicit to Unlawfully Possess a Controlled Substance with Intent to Deliver constituted felony drug convictions sufficient to render Petitioner a career offender resulting in a five (5) level enhancement to his United States Sentencing Guidelines ("U.S.S.G.") offense level, as well as an increase in his Criminal History Category.  *Id.*, USDC Eastern Dist. of Wa., Case No. CR-04-201-JLQ, Sentencing Mem. (Doc. 19-1) at 7–8.  The presumptive term of imprisonment at Petitioner's enhanced levels pursuant to the U.S.S.G. was 360 months to life.  *Id.*, Sentencing Mem. at 7.  After weighing mitigating factors and the need for appropriate punishment and deterrence, the sentencing court arrived at the 240 month sentence imposed.  *Id.*, Sentencing Mem. at 9.

Petitioner appealed his conviction to the Ninth Circuit Court of Appeals, arguing that 1) the district court abused its discretion by excluding an expert audiologist from testifying; 2) the district court abused its discretion by not allowing full cross-examination of the government's confidential informant; 3) there was insufficient evidence to support his conviction; 4) his Sixth Amendment right to effective counsel was violated; and 5) "the district court erred in by finding that he qualified as a career offender under the sentencing guidelines."  *United States v. Johnson*, 200 Fed. Appx. 705, 706–707 (9th Cir. 2006).  The appellate court rejected Petitioner's arguments and affirmed his convictions and sentence.  *Id*.  Petitioner did not petition the Supreme Court of the United States for writ of certiorari.  USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, Order Denying Def.'s § 2255 Mots. to Vacate, Set Aside or Correct Sent., and Mot. to Reduce Sent. Concerning Crack Cocaine Amendment ("Section 2255 Order") (Doc. 19-1) at 17.

. . .

***B.    Post-Conviction Filings***

On January 15, 2008, Petitioner filed a Motion for Inadequate Representation, which the sentencing court construed as a § 2255 motion. *See* USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, *United States v. Johnson*, Docket (Doc. 188).[2] On January 31, 2008, Petitioner filed a Motion to Reduce Sentence re: Crack Cocaine Offense 18:3582, which was initially filed as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. *See* USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, *United States v. Johnson*, Docket (Doc. 190); Response (Doc. 19), USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, Order Denying Def.'s § 2255 Mots. to Vacate, Set Aside or Correct Sent., and Mot. to Reduce Sent. Concerning Crack Cocaine Amendment ("Section 2255 Order") (Doc. 19-1) at 16. On March 14, 2008, Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582. *See* USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, *United States v. Johnson*, Docket (Doc. 193); Response (Doc. 19), Section 2255 Order at 16.

Petitioner asserted claims alleging 1) ineffective assistance of trial counsel, 2) ineffective assistance of trial counsel because defense counsel later ran for county Prosecutor; 3) Sections 841 and 846, Title 21, United States Code were unconstitutional because they did not require the jury to specify the specific drug amounts; 4) his sentencing as a career offender "was inconsistent with the requirements of 21 U.S.C. § 851"; and 5) "he [was] entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) . . . because his sentence was based, at least in part, on the Guideline range for the amount of crack cocaine at issue in his offense." Response (Doc. 19), Section 2255

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The docket sheet of the United States District Court for the Eastern District of Washington is proper material for judicial notice. *See Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (taking judicial notice of the docket from a proceeding before another tribunal).

Order at 20–25. On August 21, 2008, the sentencing court denied Petitioner's motions. *See* Response (Doc. 19), Section 2255 Order.

On November 21, 2011, Petitioner filed a second Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). *See* USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, *United States v. Johnson*, Docket (Doc. 201). On December 28, 2011, the sentencing court denied Petitioner's motion, noting that he had been sentenced "as a career offender under USSG § 4B1.1 (not drug quantity under § 2D1.1), and because Amendment 750 (Parts A and C only) does not affect Defendant's guideline range[.]" Response (Doc. 19), USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, Order Denying Def.'s Mot. to Reduce Sent. (Doc. 19-1) at 29. On January 17, 2012, Petitioner filed a notice of appeal with the Ninth Circuit Court of Appeals. *See* USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, *United States v. Johnson*, Docket (Doc. 209). On May 23, 2012, Petitioner's appeal was dismissed for failure to prosecute. United States Ct. App., 9th Cir., Case No. 12-30029, *United States v. Johnson*, Order 5/23/2012.

On June 18, 2019, Petitioner filed a Motion for Imposition of a Reduced Sentence Pursuant to section 404 of the First Step Act. *See* USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, *United States v. Johnson*, Docket (Doc. 222). Petitioner sought a reduction of sentence based on his eligibility under the First Step Act having been convicted of a crack-cocaine offense. *See id.* On October 24, 2019, the Court reduced Petitioner's total term of incarceration from 240 months to 228 months. *See* USDC Eastern Dist. of Wa., Case No. CR-04-0201-JLQ, *United States v. Johnson*, Order 10/24/2019 (Doc. 229).

### C. *The Instant Habeas*

On June 5, 2017, Petitioner filed his amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 7). Petitioner asserts that his conviction of Solicit to Possess with Intent to Deliver a controlled substance pursuant to the Revised Code of Washington §§ 9A-28-030 and 69-50-401 no longer constitutes a predicate offense under U.S.S.G. §§ 4B1.1 or 4B1.2. Petition (Doc.

7) at 4 (citing *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016)). Petitioner urges that this conviction "does not qualify as a controlled substance offense under the categorical approach." *Id.* Accordingly, Petitioner seeks "immediate resentencing without the career offender enhancement[.]" *Id.* at 9.

## II. ANALYSIS

### *A. Legal Standards*

"As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quotations and citations omitted). Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Usually, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted); *see* 28 U.S.C. §§ 2241(d), 2255(a). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez*, 204 F.3d at 864–65 (quoting 28 U.S.C. § 2255; then citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)). "We refer to this section of § 2255 as the 'savings clause[]' or the 'escape hatch.'" *Harrison*, 519 F.3d at 956 (quotations and citations omitted). "If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court." *Id.* (citations omitted).

### ***B.   Jurisdiction***

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).

Here, Petitioner is a federal prisoner contesting the legality of his sentence by challenging his career offender enhancement, claiming that his prior conviction no longer constitutes a predicate offense. *See* Petition (Doc. 7) at 4. As such, Petitioner's request for relief should be asserted under section 2255 in the Eastern District of Washington. Petitioner does not contend otherwise, but rather argues that "[t]he § 2255 remedy is ineffective because [he] has not had an 'unobstructed procedural shot' at presenting his *Mathis* argument to the sentencing court." Petition (Doc. 7) at 8 (citing *Summers v. Feather*, 119 F.Supp.3d 1284–89 (D. Ore. 2015)). Therefore, whether this Court has jurisdiction over Petitioner's section 2241 petition depends on whether section 2255's escape hatch applies.

### **1.   Section 2255 Escape Hatch**

"The escape hatch permits a federal prisoner to file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (quotations and citations omitted). Section 2255's escape hatch provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (e). The Ninth Circuit Court of Appeals "ha[s] held that a motion meets the escape hatch criteria of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."

*Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quotations and citations omitted).

## 2. Actual Innocence

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)[.]" *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (quotations and citations omitted). "A petitioner is actually innocent when he was convicted for conduct not prohibited by law." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (citations omitted). "It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (citations omitted).

Here, "Petitioner asserts that, in the wake of *Mathis*, if he were sentenced today by the courts for distribution of cocaine base and attempt to distribute more than 8 grams but less than 50 grams of cocaine base, 21 U.S.C. § 841(b)(1)(B), the applicable statutory guideline range would be 151–188 months." Reply (Doc. 22) at 5. Petitioner further urges that this "misapplication of the career offender guideline presents a cognizable, non-constitutional miscarriage of justice." *Id.* (citations omitted). As such, "Petitioner makes a claim regarding his sentence, rather than his offense of conviction, but this is not a claim of actual innocence as that term is meant in the context of section 2255's escape hatch." *Jones v. Langford*, 2017 WL 3575705, at *4 (C.D. Cal. July 10, 2017). Petitioner's claim that one of his prior conviction no longer qualifies as a drug trafficking offense, "and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012). As such, "it is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch." *Id.*

. . .

### **3. Unobstructed Procedural Shot**

The second requirement for the § 2255 escape hatch is for Petitioner to not have had an unobstructed procedural shot at presenting his claim. *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008). Section 2255's escape hatch provision is "narrow" and its "remedy is not inadequate or ineffective merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quotations and citations omitted). "[T]he general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quotations and citations omitted) (alterations in original). The question is "whether [Petitioner's] actual innocence claim was unavailable to him during his direct appeal and his first § 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). In making this determination, the Court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion, and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (internal quotations and citations omitted).

Petitioner asserts that the statutory interpretation in the Supreme Court's *Mathis* decision resulted in one of his prior felony convictions no longer constituting a predicate offense for a career offender enhancement. Petition (Doc. 7) at 4. Petitioner further notes that "[t]he *Mathis* case was not decided until after [he] had exhausted his direct appeal and § 2255 proceedings." *Id.* at 8. The *Mathis* decision recognized its foundation in long standing precedent:

> For more than 25 years, we have repeatedly made clear that application of [Armed Career Criminal Act ("ACCA")] involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of

> commission: Whether or not made explicit, the remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

*Mathis*, — U.S. at —, 136 S. Ct. 2257. The *Mathis* court observed that "*Taylor*[3] set out the essential rule governing ACCA cases more than a quarter century ago" and emphasized its reliance on those longstanding principles. *Mathis*, — U.S. at —, 136 S. Ct. 2251. Therefore, the "material change in the law" that Petitioner suggests *Mathis* represents does not exist. The *Mathis* decision does not announce a new rule of law, rather "[t]o the extent that *Mathis* did anything to the ACCA sentencing provision[,] . . . it merely clarified the provision's scope by providing an example of how preexisting law should apply to a possible predicate offense." *Jones v. Langford*, 2017 WL 3575705, at *6 (C.D. Cal. July 10, 2017). Petitioner could have raised the same arguments regarding his predicate offenses on direct appeal or in his first section 2255 motion, and as such, cannot be said to have lacked an unobstructed procedural shot to present his claim. Accordingly, Petitioner does not qualify for section 2255's escape hatch.

### 4. Conclusion

Plaintiff does not meet the criteria for section 2255's escape hatch. He cannot show either actual innocence or an unobstructed procedural shot at presenting his claim. As such, this court lacks jurisdiction over Petitioner's petition.

## III. DISMISSAL VERSUS TRANSFER

In light of this Court's conclusion that the Petition does not qualify for section 2255's escape hatch, if he is to proceed at all, it must be before his sentencing court in the Eastern District of Washington. As such, the Court must determine whether transfer of this action to the sentencing court or dismissal is appropriate. *See* 28 U.S.C. § 1631. "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the

---

[3] *Taylor v. United States*, 495 U.S. 575, 598, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990).

- 9 -

time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citations omitted). This Court lacks jurisdiction over the petition, satisfying the first criteria.

The second criteria is not met, because this Petition would be a second or successive motion in the Eastern District of Washington since Petitioner has previously filed and was denied relief on a section 2255 motion. Petitioner would have to seek and obtain authorization from the Ninth Circuit in order to proceed. *See* 28 U.S.C. § 2255(h). "If the petitioner does not first obtain [the circuit court's] authorization, the district court lacks jurisdiction to consider the second or successive application." *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) (citations omitted). The Ninth Circuit docket does not indicate that Petitioner has attempted to obtain authorization, and the Eastern District of Washington could not exercise jurisdiction over this action.

Finally, because the transferee court would not be able to exercise jurisdiction over the instant case, transfer of the case would not further the interests of justice. Accordingly, dismissal of the instant Petition (Doc. 7) is warranted.

## IV. CERTIFICATE OF APPEALABILITY

"[T]he plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate §2241 petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], *see* § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." *Id.* When a Petitioner brings a section 2241 petition which challenges the legality of his underlying conviction and sentence, and is therefore properly characterized as a section 2255 motion, this Court must determine whether a certificate of appealability is required. *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).

Here, the Court has determined that this Petition is properly construed as one

pursuant to 28 U.S.C. § 2255.  As such, the Court will determine whether a certificate of appealability should issue.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).  It is not debatable that Petitioner cannot make a showing of actual innocence. As such, a certificate of appealability will be denied.

V. **CONCLUSION**

Based upon the foregoing, IT IS HEREBY ORDERED that:

1) Petitioner's Petition (Doc. 7) is DISMISSED for lack of jurisdiction;
2) A Certificate of Appealability is DENIED and shall not issue; and
3) The Clerk of the Court shall enter judgment accordingly and close its file in this matter.

Dated this 17th day of March, 2020.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge